# Sapp *v.* The State.

## *Violating Prohibition Law.*

(Decided May 18, 1911.   56 South. 45.)

1. *Intoxicating Liquors; Affidavit; Time; Sufficiency.*—An affidavit made on May 9, 1910, charging that within twelve months of the making of the affidavit, and since the 1st day of September, 1909, sufficiently shows that the offense had been committed since Sept. 1, 1909.

2. *Same; Warrant; Return.*—The fact that the warrant was made, returnable before the judge instead of the court does not render the warrant charging a violation of the prohibition law, bad.

3. *Same; Evidence.*—Where the charge was violating the prohibition law, it was proper to exclude evidence as to how many other warrants were issued as a result of a visit by the state's witness to a certain place on a particular occasion, and at how many other places he purchased liquor.

[Sapp v. The State.]

4. *Same; Federal Tax Receipt.*—In a prosecution for violating a prohibition law, where it was shown that the accused had paid a federal liquor tax, it was proper to instruct the jury that the state could show that the accused had paid a federal liquor tax for time and place charged, and that the fact of the payment of such tax was prima facie evidence that the payor had sold or offered for sale, prohibited liquors.

5. *Jury; Striking.*—Where it appeared that the court had qualified twenty-four jurors who had been regularly drawn for that week, and that two of them had been excused without objection, it was not error for the court, in prosecution for violating the prohibition law, to draw six new names from the jury box, and to requalify twenty-four jurors including two of the new names so drawn, and to require the accused to proceed to strike. (Section 32, Acts 1909, p. 305.)

6. *Witnesses; Examination.*—In a trial for violating a prohibition law, it was not error to sustain an objection to a question to a state's witness, on cross examination, as to who paid a certain person to work up the cases, where such person inquired about had not testified, and there was no evidence that he had been paid.

7. *Continuances; Refusal; Discretion.*—Where the movant was previously offered compulsory process to compel the attendance of an absent witness, and was told that the case would not be again continued on account of the absence of such witness, and the accused failed to take advantage of the compulsory process offered, it was not an abuse of the trial court's discretion to refuse to grant a continuance on account of such absent witness.

8. *Same; Absent Testimony.*—It was not error to refuse to require the state to be put upon a showing as to the testimony of an absent witness of the defendant.

9. *Trial; Adjournment; Ground.*—Where the defendant had had ample time before the trial to confer with his witnesses, it was not an abuse of discretion in the trial court to refuse to stop the trial to permit such a conference.

10. *Criminal Law; Venue; Judicial Notice.*—The court takes judicial notice of the territory embraced within the jurisdiction of the city court of the city in which the trial is being had, and hence, proof that liquor was unlawfully sold within a certain city, is sufficient proof of venue.

11. *Charge of Court; Argumentative.*—Where the charge was violating the prohibition law a charge asserting that in determining the weight to be given the testimony of certain witnesses, the jury could consider that they were deputy sheriffs, and that the sheriff derived his compensation from fees, was properly excluded as being argumentative.

12. *Same; Abstract.*—Where there was no evidence that one of two different persons committed the offense, or that any witness was an accomplice, instructions as to accomplices, and the acquittal of several persons on reasonable doubt as to which was guilty, were properly refused as being abstract.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Mat Sapp was convicted of violating the prohibition law, and he appeals.   Affirmed.

The facts as to the pleas sufficiently appear in the opinion of the court.

The following charges were refused to the defendant: (8) "The court charges you that, in determining the weight to be given the testimony of Steel and Chew, you may take into account the fact that they are deputy sheriffs of Jefferson county, and that the sheriff of Jefferson county derives his compensation from fees, the interest or want of interest they have in the case, their manner on the stand, with all other circumstances before you which can aid you in weighing their testimony."   (A) "The court charges the jury that, when a witness in a misdemeanor case is an accomplice to the commission of the offense, the fact that he is an accomplice goes to his credibility as a witness in the case." (10) "The jury are instructed that it is a rule of law that although it may be positively true that one of two or more persons committed an offense, yet if there is any reasonable doubt as to which is the guilty party, all must be acquitted."

The oral charge of the court, excepted to, is as follows:   "That upon the trial, charging the defendant with having sold spirituous, vinous, or malt liquors, it is competent for the state to prove that the defendant had, for the place and time charged, paid a wholesale or retail United States liquor dealer's license, and the fact of payment of such license for the place and covering the period involved, shall be deemed to be and constitute prima facie evidence that the party paying for the same or to whom such license was issued had sold or offered for sale the liquors for which, or for the privilege of selling which, the special tax had been obtained."

It appears that at the trial the court qualified 24 jurors, who had been regularly drawn for the week, and afterwards 2 of the said 24 jurors announced that they had received knowledge that the child of one and the nephew of the other was critically ill, and the court asked if there was objection to their being excused, and none was offered. The judge then had the jury box brought into court and drew therefrom 6 names, who were summoned and brought into court, and, after being examined, were duly qualified and placed upon the regular panel for the week. The court then requalified 24 jurors for the trial of this cause, among whom were 2 of the new jurors, and ordered the state and defendant to proceed to strike as required by law. The defendant objected, and moved to quash.

MATHEWS & MATHEWS, for appellant. No brief reached the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. There was no merit in the objection that the warrant was made returnable to the judge instead of the court.—*Pell City M. Co. v. Swearingen,* 156 Ala. 397; *Carnley v. The State,* 50 So. 362; *Redd v. The State,* 52 So. 886. The affidavit sufficiently charged the time of the offense. Counsel discusses the admissions of evidence, but without further citation of authority. The court did not abuse its discretion in regard to the continuance.—*Childers v. The State,* 86 Ala. 84. The venue was sufficiently shown.—*Huggins v. The State,* 41 Ala. 392. The charge as to accomplices was abstract.—*Moss v. The State,* 58 Ala. 117. The court properly charged as to the federal license tax.—*Bailey v. The State,* 158 Ala. 18.

[Sapp v. The State.]

PER CURIAM.—The affidavit, the foundation of this prosecution, is not objectionable in averment as to the time of the offense charged. The time alleged is that it was within 12 months of the making of the affidavit and since the 1st day of September, 1909. The only reasonable construction that can be put on this statement is that the offense charged was committed since the 1st day of September, 1909, and necessarily within 12 months of the making of the affidavit, which was made May 10, 1910. The objection to the affidavit in this respect is wholly without merit.

The objection to the warrant on the ground that it was made returnable before the judge, instead of the court, has already been considered by the Supreme Court and determined adversely to the present contention of appellant in *Redd v. State,* 167 Ala. 96, 52 South. 886, and *Carnley v. State,* 162 Ala. 94, 50 South. 362.

The constitutionality of the prohibition act approved August 25, 1909 (Laws 1909 [Sp. Sess.] p. 63), under which this prosecution was had, has been passed upon by the Supreme Court in the case of *Toole v. State,* 170 Ala. 41, 54 South. 194, upholding the statute.

There was no error in sustaining the state's objection to the question asked the state's witness Chew on cross-examination as to who paid Shehan to come and work up the cases. Shehan did not testify in the case, nor was there any evidence that he had been paid. The evidence sought was entirely irrelevant.

As to how many other warrants were sworn out as a result of the visit of the witness Chew to Bessemer on the particular occasion, and at how many other places the witness purchased whisky, was immaterial to the issues in the case, and the trial court properly sustained the state's objection to the questions.

[Sapp v. The State.]

The application for a continuance on account of the absence of one of defendant's witnesses was a matter addressed to the discretion of the court. It appears that the witness was absent at a previous call of the case, and the court then notified the defendant that he could take compulsory process, and that without it the case would not be again continued because of the absence of the witness. No attachment was asked for by the defendant. We fail to see that there was any abuse of discretion in the action taken by the court.

Moreover, the bill of exceptions states that the exception reserved by the defendant was to the refusal of the court to require the state to be put upon a showing of the defendant as to the absent witness, and not for a refusal to grant a continuance. We know of no law requiring a party to admit a showing as to what an absent witness would testify.

Neither did the court abuse its discretion in refusing to stop the trial of the case, after having been entered upon, to allow the defendant to confer with his witnesses. So far as the record shows, the defendant had had ample time for this before entering upon the trial.

The evidence showed that the sale of the liquor was made within the city of Bessemer. This was sufficient evidence of venue. We judicially know that the territory embraced within the municipality of Bessemer is within the jurisdiction of the city court of Bessemer, in which the defendant was tried.

Charge 8 requested by the defendant was faulty in several respects. It was argumentative, and for this reason alone properly refused.

Charge 10 was abstract. There was no evidence that one of two different persons committed the offense charged. Charge A was likewise abstract. There was no evidence of any witness being an accomplice.

[Clark v. The State.]

The portion of the oral charge excepted to was free from error. See *Baiey v. State*, 158 Ala. 18, 48 South. 498

There was no error in overruling the motion to quash the jury. A struck jury was authorized by the statute. —Section 32 of an act approved August 31, 1909. General and Local Laws Special Session 1909, p. 305. That part of the act providing for struck juries in trials of misdemeanors is unambiguous, and calls for no construction. The court in the present case followed the provisions of the statute in obtaining the jury.

No error appearing in the record, the judgment appealed from will be affirmed.

Affirmed.

NOTE.—The above opinion was prepared by Mr. Chief Justice Dowdell of the Supreme Court before the transfer of the case to this court, and is adopted by this court.