255 So.2d 33

**Edward Albert SEIBOLD**

**v.**

**STATE of Alabama.**

**5 Div. 880.**

Supreme Court of Alabama.

Nov. 4, 1971.

Rehearing Denied Dec. 9, 1971.

694

————◆————

Walker, Hill & Gullage, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., and W. Mark Anderson, III, Sp. Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Edward Albert Seibold, defendant in prosecution for murder in the first degree, appeals under the statute [1] from a judgment of conviction and sentence of death for the murder of Sarah Elizabeth Sinclair.

On the night of September 6, 1967, three girls were killed at a residence in Auburn, Alabama. Defendant is charged with the killing. Immediately before the trial of the instant case, defendant had been tried for the murder of another one of the three girls, namely, Mary Lynn Sinclair. The decision of this court on the appeal by defendant from conviction in the case first tried is reported as Seibold v. State, 287 Ala. 549, 253 So.2d 302, originally delivered July 16, 1970; application for rehearing overruled, October 7, 1971.

It appears to be undisputed that defendant is the person whose acts caused the deaths of the girls. Defendant pleaded not guilty and not guilty by reason of insanity and it is the defense of insanity on which he relies.

Defendant was a student at Auburn and became acquainted with the Sinclair family in 1966. He had dates with the oldest daughter, Cathey. About midnight September 6, 1967, defendant came to the Sinclair house and killed the three girls. Cathey escaped. The facts are set out in sufficient detail in Seibold v. State, 287 Ala. 549, 253 So.2d 302, supra, and will not be further extended here.

Defendant contends that the court erred in refusing to allow defendant to prove by his mother that she had attempted to have him committed to an institution.

His mother testified that she came to Auburn about July 15, 1967. Defendant sought to show her efforts to have him committed during this visit. The court held such evidence inadmissible except as to a visit by defendant to a psychiatrist.

During direct examination of the mother, the following occurred:

"Q What did you do after your conversation with your husband?

"A I tried to get Eddie committed to an institution.

1. Title 15, § 382(1) et seq., Code Recompiled 1958.

"MR. YOUNG: We object to that, Your Honor.

"A That's what I did.

"THE COURT: Sustained as to she tried to get him committed.

"MR. WALKER: We reserve an exception.

The evidence shows that defendant was a member of an Army reserve unit and attended a drill on the day on which the witness undertook to show her efforts.

The State's objections were sustained to all of the following questions propounded to Mrs. Seibold by defendant on direct examination, to wit:

"Q And what did you do at Dean Foy's office?"

"Q Did you receive any advice from Dean Foy?"

"Q Mrs. Seibold, please state whether or not on your visit to Dean Foy, you made him aware of what Eddie had previously told you that morning about committing suicide?"

"Q Now, state what you then did.

"A I then went to Fort Benning.

"MR. YOUNG: We object to what she did, your Honor.

"THE COURT: It is not relevant, sustain the objection."

"Q Did you have any success at Fort Benning, please, ma'am?"

"Q Mrs. Seibold, how many people did you go to during the course of that day with the problem that you have just described?"

"Q. Did you receive any suggestions from any of these people that you went to—

"MR. YOUNG: We object to that.

"Q. —as to how to accomplish the purpose that you have described?"

"Q Now, without answering this before Mr. Young has a chance to object, please state whether or not you made an effort to receive help from the Army at Fort Benning to have Eddie confined to an institution?"

"Q Mrs. Seibold, state whether or not that particular night you made any further effort to have Eddie apprehended or in any way placed in any institution?

"MR. YOUNG: We object to that, what she did herself.

"THE COURT: Sustained."

The question here presented was considered by this court and decided favorably to defendant's contention in Seibold v. State, supra, where the court said:

"Appellant argues that the defense had as much right to show by its witnesses that the mother of defendant did take steps to get him committed to an institution as the State had to ask the questions on cross-examination as provided in Jones v. State, 181 Ala. 63, 61 So. 434. We agree that where, as here, the plea is not guilty by reason of insanity, the relatives of the defendant should be allowed to show that they did try to get him committed to an institution. We think the trial court erred in sustaining the objections to the questions addressed to Mrs. Seibold."

In Seibold v. State, supra, however, this court held that the error had been cured because Mrs. Seibold, on cross-examination, had testified in detail as to her actions in an effort to have defendant committed.

In the instant case, the State asked Mrs. Seibold only three questions on cross-examination and none of the three questions or answers thereto relate to the efforts of the witness to have defendant committed.

On the authority of Seibold v. State, supra, the action of the trial court was error to reverse.

Reversed and remanded.

HEFLIN, C. J., and LAWSON, MERRILL, HARWOOD, BLOODWORTH, MADDOX, and McCALL, JJ., concur.