260 So.2d 607

**LaSalle MINNIEFIELD**

**v.**

**STATE.**

**5 Div. 53.**

Court of Criminal Appeals of Alabama.

March 28, 1972.

Gray, Seay & Langford, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Rape; sentence, ninety-nine years. Code 1940, T. 14, § 395. Defendant pled not guilty and not guilty by reason of insanity.

I

Appellant urges reversible error in the ruling of the trial court denying his motion for a continuance. It is asserted in brief that the denial of a continuance deprived the defendant of a fair trial because counsel for the defense did not have sufficient time to prepare the case, and because certain witnesses were not available at the time of trial.

Minniefield was arrested in the early morning hours of March 9, 1970. An indictment was returned on Thursday, March 26, 1970. At arraignment the next day, the trial judge determined defendant to be indigent, and appointed two attorneys to represent him at trial, which was set for Monday, April 6, i. e., nine full calendar days after arraignment. The Court took notice of the fact that defendant's mother was seeking to retain another attorney to represent her son. The court appointed attorneys asked for a continuance of the case on March 27, again on April 3, and again at the opening of the trial. The privately retained attorney appeared at the trial, but withdrew when the court refused to grant a continuance.

The matter of continuance in a criminal case is addressed to the trial

court's sound discretion, the exercise of which will not be disturbed unless clearly abused. Divine v. State, 279 Ala. 291, 184 So.2d 628; Segers v. State, 283 Ala. 694, 220 So.2d 882. In Bertrand v. State, 46 Ala. App. 117, 238 So.2d 914, we noted that a lawyer entering a case in which the court has already appointed counsel must normally presume that the groundwork will have been laid by the other lawyers, and thus,

> "Ordinarily counsel who supplants or supplements other counsel, who have already had ample time to get ready for trial, should not expect or ask for a continuance."

██ Minniefield was sleeping at the home of his grandfather and taking his meals at the home of his mother at about the time of the offense. They could reasonably be presumed to know of his arrest on March 9. The facts of the case were relatively simple, and the witnesses for the State all resided in the surrounding area. As there was ample time to prepare the defense, there was no abuse of judicial discretion. Barnes v. State, 45 Ala.App. 6, 221 So.2d 399; Walker v. State, 265 Ala. 233, 90 So.2d 221. See also Avery v. State, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.

Subpoenaed witnesses who did not appear when the case was called were R. H. Nolen, a social worker; W. E. Steiner, Chief of Staff; and R. C. Bethard, Chief of Medical Administration, all employees of the Veterans Hospital in Tuscaloosa. The testimony of these witnesses could have been offered by depositions under Title 15, § 297. Moreover, the defense having failed to request attachment or to offer a showing as to what the absent witnesses would testify, no abuse of discretion is made to appear. Freeland v. State, 34 Ala.App. 313, 40 So.2d 339; Sparks v. State, 46 Ala.App. 357, 242 So.2d 403.

## II

Defendant's motion for a sanity investigation was denied. The only evidence offered was the defendant's military discharge, the testimony of his mother, and a letter tending to show that the defendant had been a patient in the psychiatric ward of a military hospital.

Opinions of the Alabama Supreme Court say that a pre-trial insanity reference is discretionary with the trial judge. Brown v. State, 45 Ala.App. 391, 231 So.2d 167. Our Supreme Court has indicated in Pace v. State, 284 Ala. 585, 226 So.2d 645, that the nisi prius ruling on such motions will not be reversed unless the showing is more compelling than the evidence presented in Lokos v. State, 278 Ala. 586, 179 So.2d 714.

The Motion for Investigation of Sanity of Defendant appears in the record certified to us. The date of filing this motion has not been entered by the Circuit Clerk. However, appended to it is a Certificate of Service upon the District Attorney, bearing date of April 2, 1970, which was on a Thursday following counsel's appointment on Friday, March 27. This motion omitting the introductory part reads as follows:

> "1. The defendant, Lasalle Minifield, alias, is now being held in the confinement of the County Jail of Tallapoosa County, Alabama, under an indictment against him for a capital offense, to-wit, rape.
>
> "2. Your petitioner respectfully shows unto the Court that the defendant, Lasalle Minifield, alias, is now insane, incapable of adequately assisting in his own defense in this case and should be committed to the appropriate state mental hospital for further observation, diagnosis, and treatment.
>
> "3. Your petitioner further shows unto the Court that, as Attorneys for the defendant, they have asserted and now reassert that the defendant is presently of unsound mind to such an extent that he cannot adequately assist his attorneys in the defense of this case, and that he is not sufficiently legally competent to stand trial. Petitioners further show to

the Court that as Attorneys for the defendant they have heretofore interposed a plea of not guilty by reason of insanity, and show unto the Court that the opinion of the doctors at the Alabama State Hospital for the insane would be relevant on this issue also.

"THE PREMISES CONSIDERED, the petitioners pray and move the Court as follows:

"A. That a day be set for the hearing of this motion prior to the day now set for the trial of this case after giving adequate notice to Honorable Tom F. Young, District Attorney for the Fifth Judicial Circuit of Alabama.

"B. That upon the hearing of this motion the Court appoint three reputable specialist preactitioners [sic] in mental and nervous diseases to examine the said defendant and make their written report to this Court of his sanity or insanity, as called for under the provisions of Section 425, Title 15, Code of Alabama, Recompiled 1958.

"C. That an order be made and entered by this Honorable Court that the said defendant, Lasalle Minifield, alias, be delivered by the Sheriff of this County to the Superintendent of the Alabama State Hospital for the purpose of determining the present mental condition of the said defendant and the making of a report to this Court thereon as called for by the provisions of the aforesaid Section 425, Title 15, Code of Alabama, Recompiled 1958.

"D. That the said defendant remain in the custody of the said Superintendent in the Alabama State Hospitals for such length of time as may be necessary for him and his associates to determine the defendant's mental condition so far as it affects the defendant's criminal responsibility, and that no further proceedings be held in this matter until such report has been received by this Honorable Court."

The evidence transcript under date of March 27, 1970, shows the following:

"MR. HORNSBY: Now come the Court appointed defense attorneys and make known to the Court that defense counsel in all liklihood be given an opportunity to study the matter and look into the facts of the case and make a motion with this Court that this defendant be sent to a State institution for psychiatric evaluation before being placed on trial in this capital case. We now make this motion out of an over-abundance of precaution, we make the motion now, at this time, today to the Court that the Court commit this defendant to the State Psychiatric Hospital in Tuscaloosa for psychiatric evaluation.

"THE COURT: Have you any evidence to offer this Court?

"MR. HORNSBY: No sir, we were only appointed some twenty or thirty minutes ago. I never saw the defendant before I don't know anything about the case and don't know anything about the defendant in the case.

"THE COURT: It is overruled at this time."

Under April 3, 1970, we find testimony was taken on the motion which is first above set out. Through the testimony of the defendant's mother the following exhibit came into evidence:

"DEFENDANT'S EXHIBIT A

"Department of the Army
Brooke General Hospital
Brooke Army Medical Center
Fort Sam Houston, Texas 78234

"MEDEW – HDP
17 July 1969

"Mrs. Annie L. Pearson
Route 1, Box 31
Camp Hill, Alabama 36805

"Dear Mrs. Pearson:

"This is to inform you that your son, LaSalle Minniefield, US 53 845 081, was

admitted to the Psychiatry Service of Brooke General Hospital on 7 July, 1969.

"Hospital visiting hours are from 6 P.M. to 8 P.M. daily, and also from 1 P.M. to 4 P.M. on Saturdays, Sundays and all legal Holidays, and it is requested that children not visit at the hospital.

"Please address all written communications concerning your son to Chief, Psychiatry Service, Brooke General Hospital, Fort Sam Houston, Texas 78234, and give your son's full name and serial number in the letter.

"Sincerely yours,

"(H. Paul Freemyer)

"H. PAUL FREEMYER

"Captain MC (k)"

The defendant's mother testified that her son was twenty-two years old, and that he had never been treated by a psychiatrist before going into the Army. When he came home in January, 1970, he lived with her father and was taking some kind of medicine. She testified that her son was not "exactly right" and that she was afraid for him to get a job. Defendant mostly laid around the house and slept, having very little to say. His discharge from the Army showed that he entered the Army on December 5, 1967, and was discharged honorably with a 20% physical disability on January 23, 1970. There was no mention of any mental or emotional problem. No other evidence was offered at the hearing on the motion.

The hearing concluded with the following colloquy:

"MR. ADAIR (Assistant Dist. Atty.): May it please the Court, we respectfully submit to the Court as to the Motion #3 and Paragraphs 1, 2 and 3, there has been nothing presented to this Court in any way to sustain the Motion except that the State must comment on the able job done by the learned defense attorney in thus advancing his own belief that the Motion should be sustained. The State respectfully submits to the Court under the case of Campbell vs. State [257 Ala. 322] 58 So. (2nd) 623, mere belief of the defendant or his witness is not enough, the Court must have something more than that, must be something tangible presented to the Court, something the Court can see and listen to and hear. There has been no showing whatsoever, may it please the Court, that this Motion should be granted.

"MR. OLIVER: May it please the Court, by way of rebuttal, the defendant earnestly shows to your Honor that this Motion is not made upon any belief of counsel of the defendant but we have before us a very pertinent instrument, a letter from the Psychiatric Services of Brooke Hospital which must lead to some inquiry into the sanity and mental condition of this defendant. Surely he can be afforded this opportunity, surely under that plea that has been offered something can be done to inquire further into the meaning of the substance, and the substance of this letter you have before. The defendant's counsel contend that they have been unable to secure any further information due to the shortness of time. We contend to the Court that we need more time and that the defendant needs an opportunity to have his sanity looked into and the Court has before it a very tangible instrument of evidence in the form of that letter and in the form of the defendant's mother's testimony as to his behavior while in her presence. That's all.

"MR. YOUNG: I would like to point out that this letter is not conclusive, all it says is that he's been in a psychiatric ward and does not say that he is insane or anything else.

"THE COURT: Very well. Anything else.

"MR. YOUNG: Not for the State.

"MR. OLIVER: Let the record show that the defendant is endeavoring to reach some conclusions through this mo-

tion and to answer what questions may be posed by the contents of the letter admitted into evidence.

"THE COURT: Very well. Motion #3 is denied in each and every aspect of it."

In Seibold v. State, 287 Ala. 549, 253 So. 2d 302, a majority of our Supreme Court refused to apply Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, to the case before it. See dissenting opinion of Heflin, C. J. C. f. Seibold v. State, 287 Ala. 693, 255 So.2d 33.

The United States District Court for the Middle District of Alabama, Varner, J., in Seibold v. Daniels, 337 F.Supp. 210, Feb. 8, 1972, took the view that our state courts had, in not complying with Pate v. Robinson, supra, denied due process. As we gather, Judge Varner found no fault with the Alabama Statutes (Code 1940, T. 15, §§ 425 and 426) but with the application (or failure of employment) thereof.

Referring to Code 1940, T. 15, § 425, the opinion of Livingston C. J., in Seibold v. State, 287 Ala. 549, 253 So.2d 302, states:

"Also, under Section 425, supra, the court is under no duty to appoint a lunacy commission or to procure the report of the Superintendent of the Alabama State Hospitals, the court, *in its discretion*, has simply the right to seek these aids when such reports may be deemed helpful. Howard v. State, 278 Ala. 361, 178 So.2d 520; Divine v. State, 279 Ala. 291, 184 So.2d 628. The question of the appointment of medical specialists in mental disorders in response to a motion is solely within the discretion of the trial court. Coon v. State, 278 Ala. 581, 179 So.2d 710; Tiner v. State, 279 Ala. 126, 182 So.2d 859."

Earlier in Pace v. State, 284 Ala. 585, 226 So.2d 645, Merrill, J., stated:

" * * * The legislature has not given a right to a defendant to receive a mental examination whenever he requests one. Absent such a right, machinery for screening requests must exist. The legislature has made the trial court this screening agent. We cannot say under our past cases that the appellant's showing was so compelling that the trial court abused its discretion in denying this petition. The trial court held a hearing, listened to the witnesses and made a decision. It might have decided either way on the question of whether the hearing produced any real evidence of legal insanity or legal incompetence. Its decision was not arbitrary or unsupported by reason or fact. We conclude that the trial court did not abuse its discretion."

■ If the trial judge's order is (1) arbitrary *or* (2) unsupported by evidence or human reasoning (is this judicial knowledge?) then there would be an abuse of discretion. Conversely as long as the decision is *not arbitrary* the record need not contain either evidence or reason to support it. This presumably because the defendant and not the State has the burden of persuasion under Code 1940, T. 15, §§ 425, 426 and 428. Compare Brown v. State, Fla., 245 So.2d 68.

Quoting further from the *Seibold* opinion, 287 Ala. 556, 253 So.2d 308, we note:

"Under Section 426, supra, it is within the discretion of the trial court to grant or refuse a motion to execute an inquisition as to the mental status of the defendant at the time of trial. Granberry v. State, 184 Ala. 5, 63 So. 975; Burns v. State, 246 Ala. 135, 19 So.2d 450. Furthermore, the refusal of the trial court to suspend the trial and submit to a jury an inquisition as to the defendant's sanity under the provisions of this section at the time of trial is not revisable on appeal. Rohn v. State, 186 Ala. 5, 65 So. 42; Whitfield v. State, 236 Ala. 312, 182 So. 42."

In Pate v. Robinson, supra, the trial judge under Illinois statutes must ex mero motu conduct a hearing "where the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial * *."

383 U.S. 385, 86 S.Ct. 842. Perhaps the difference between the Alabama and Illinois statutes accounts for the *Seibold* rejection of Pate v. Robinson.

■ At all events we are bound by the opinions of the Supreme Court of Alabama even on Federal questions unless the Supreme Court of the United States expressly or by necessary implication has ruled to the contrary. The decisions of federal courts other than those of the Supreme Court of the United States—no matter how persuasive—are not *binding* on a state appellate court. Lokos v. State, 278 Ala. 586, 179 So.2d 714.

§ 10, Act 987, approved September 12, 1969, Acts of Alabama 1969–70, Vol. II, p. 1744, reads as follows:

"Section 10. The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the Constitution of the state."

See Ex parte Colonial Refrigerated Transportation, Inc., et al., Ala., 261 So.2d 779.

III

At the opening of the defense in chief, in support of the plea of not guilty by reason of insanity, counsel for the defense introduced several letters (R. 193) from the Veteran's Hospital in Tuscaloosa. The gist of the letters is that the defendant was transferred from Brooke Hospital in Texas to the VA Hospital in Tuscaloosa, on Nov. 1, 1969, and was granted a 29 day leave beginning January 17, 1970. He was given a supply of medication and discharged from leave status on January 26, 1970. He failed to show up for scheduled counseling and rehabilitation interviews.

Other evidence showed that the defendant bought a car and managed his own affairs while at home. An employee of the Opelika Western Auto testified that the defendant purchased a pistol on February 8, 1970. Part of the signed firearms record is a certification that the purchaser had never been adjudicated mentally defective or committed to a mental institution.

Other sanity witnesses who had been subpoenaed were Dr. Paul Freemyer of Brooke Army Medical Center, Fort Sam Houston, Texas; Ronald Nolen, a social worker; W. E. Steiner, Chief of Staff, and R. C. Bethard, Chief of Medical Administration, from the VA Hospital in Tuscaloosa. These witnesses were not claimed to be experts on the question of sanity. Defendant's military discharge indicates that the primary reason for hospitalization was for wounds received in Vietnam. The letter from Brooke Army Medical Center states that Minniefield was admitted to the Psychiatric Service, but he apparently was not a psychiatric charge at the Tuscaloosa hospital.

■ Under Code 1940, T. 15, § 422, the defense of insanity to prevail "shall be clearly proved to the reasonable satisfaction of the jury." The verdict of instant concern was guilty and hence mutually exclusive of "not guilty by reason of insanity." The plea of insanity is an affirmative defense. Pickett v. State, 37 Ala.App. 410, 71 So.2d 102.

Here the verdict was not contrary to the preponderance of the evidence.

IV

■ This case also presents a situation which seems to be appearing frequently, i. e., an indigent defendant accepts court appointed counsel and then a privately retained lawyer, usually hired by family or close friends, enters the case. In light of Act 2420, Alabama Acts, 1971 Regular Session, the trial court's determination of indigency required by Act 525, Alabama Acts, 1963 Regular Session, should be based on a thorough and wide ranging examination of the facts. Section 6 of Act 525 requires that the trial judge must be satisfied not

only that the defendant is without funds but that he has *no reasonable way to procure them.*

No prejudice to the defendant appears to have resulted from retained counsel's withdrawal consequent upon the denial of a continuance. See Bertrand v. State, 46 Ala.App. 117, 238 So.2d 914.

The judgment below is due to be

Affirmed.

PRICE, P. J., and ALMON and TYSON, JJ., concur.