282 So.2d 337

William Wilbert BOSWELL

v.

STATE.

5 Div. 71.

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

No brief for appellant.

William J. Baxley, Atty. Gen., Montgomery, and James L. Hunt, Sp. Asst. Atty. Gen., Tuscumbia, for the State.

CATES, Presiding Judge.

Voluntary manslaughter: sentence, ten years in the penitentiary.

I

By way of preface we shall explain the absence of counsel for appellant in this court.

Initially the trial court appointed trial counsel to represent Boswell. After a lapse of over seven months without this attorney having filed a brief or responded to calls therefor, the presiding judge of this court undertook to ask the trial judge to supersede the appointment with the substitution of another attorney. The court below responded with commendable alacrity. Regretably this replacement lawyer has for four months also exhibited a procrastinative disregard of his (involuntary but actual) client's appeal.

In this posture, this court has reexamined the entire record and concludes that the appellant is not an indigent within the scope of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

Among other things we note that the testimony showed that Boswell owned at least one logging truck and was negotiating to buy another; he owned at least one passenger car; he made bond to avoid commencing servitude; he stated in his application for a free lawyer and a transcript that he wished this accommodation so that he could continue to conduct his pulpwood operations. In this business he had at least one employee.

A lawyer, by failing to file a brief for an indigent appellant, could postpone his client's entry into prison for an inordinate period of time. The Alabama oath for attorneys reads in part:

"* * * that I will use no falsehood or delay any person's cause for lucre or malice * * *." Code 1940, T. 46, § 39.

While such dilatory representation may not be strictly contumacious of this court—

perhaps because we did not appoint either lawyer—yet it does call for a thorough scrutiny of the applicability of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and Caton v. Alabama, 392 U.S. 645, 88 S.Ct. 2298, 20 L.Ed.2d 1355.

In view of the foregoing circumstances, we consider that Boswell is not indigent within the meaning of these two cases. Accordingly, we proceed to decide his appeal without a brief having been filed on his behalf.

## II

The tendency of the State's evidence was that Boswell and his overly loyal friend, Charles Luther ("Mockingbird") Cleckler, pursued, overtook and stopped a car in which Douglas Floyd was a passenger. This version was that Boswell dragged Floyd, who was drowsy from a surfeit of beer, from the car then shot him through the heart with a 410 gauge shotgun. Inferentially the State raised as motive Floyd's paying court to Cleckler's sister-in-law while her husband, Wayne Cleckler, was in the penitentiary.

By sheer chance, Sheriff Sidney Thrash was driving north on Highway 63. As he came over a rise he saw a man move staggeringly between two parked cars. This was Floyd who quickly collapsed on the pavement. Thrash took Boswell in custody. Thrash and his later arriving deputies searched unsuccessfully for a knife which Boswell claimed that Floyd had had in his hand.

For the defense Boswell and Cleckler both testified that Catherine Cleckler ("Mockingbird's" brother's wife) was driving the car in which Floyd was riding; that she overtook them and ran them off the road. Thereupon, Floyd came charging at them with a drawn knife. Boswell retreated to his car. When Floyd refused to desist in his advance, Boswell reached in his car for the gun and in the nick of time got the gun and shot Floyd who was in a final lunge at him. "Mockingbird" testified that he found Floyd's knife. The conflict in the evidence was for the jury to resolve.

We have carefully reviewed the entire record and consider that error is not apparent in the case. Accordingly, the judgment below is due to be

Affirmed.

All the Judges concur.