CATES, Presiding Judge.
This is an appeal on the record proper, i. e., without the transcript of testimony.
The appellant was convicted of selling marijuana and sentenced to two years in the penitentiary. At all stages he was without counsel.
The record shows the following:
“COURT’S BENCH NOTES
“12-15-75 The defendant appearing in open court, was advised by the Court that the Grand Jury had returned an indictment against him charging him with the sale of marijuana. The defendant being asked whether he had an attorney to represent him advised the Court that he did not have an attorney and was not financially able to employ one. During the conference with the defendant by the Court, the defendant related that he owned four motor cycles the value of which was $4,000.00, and in addition thereto owned four automobiles the value of which was $3,500.00, for a total of $7,500.00, that there were no mortgages, liens or encumbrances against any of these articles. The Court advised Mr. Locke that it was the opinion of the Court that he was not indigent and that an attorney would not be appointed to represent him for that reason. The defendant related that the value of the property was not really that much, but that was the value that he put on them for his own use — that he did not want to sell the motorcycles and automobiles would bring something over $1200.00 in the open market. The Court made known to the defendant that counsel *218 would not be appointed, that he would be arraigned on January 13, 1975, later tried, and that it would be his responsibility to employ counsel. This conversation between the defendant and the Court was reported by the Court Reporter and is on file in this cause.
“Done this the 15th day of December, 1975.
ERIS F. PAUL
Judge.
No provision is made in Act 526, September 16, 1963, as amended, for an appeal from a ruling by the trial judge that an accused is not indigent for the purpose of appointing him a free lawyer.
Under Code 1940, T. 15, § 389 we have examined the entire record and consider that the judgment below is due to be
AFFIRMED.
All the Judges concur.