JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Marshall County returned an indictment against the appellant, Louis Neal Thrower, charging him with buying, receiving, concealing, etc., stolen property. Appellant entered a plea of not guilty. A jury found the appellant guilty as charged. The trial court duly sentenced him to four years in the penitentiary, and appellant appeals to this Court.
This appeal was submitted on briefs. The appellant was represented at his arraignment by counsel appointed by the trial court. Appellant was not represented by counsel during the remainder of his trial and is represented in this Court by counsel under court appointment.
The question presented to this Court is whether or not the appellant was able financially or otherwise to obtain the assistance of counsel to represent him during all the proceedings in the trial court. Was the appellant an indigent for the purpose of being entitled to have counsel appointed to represent him at his trial in the trial court at the expense of the public?
We find from the record that on May 26, 1977, the indictment against the appellant was returned, filed in open court, and appearance bond set at $5,000. On May 27, 1977, a writ of arrest was issued for the arrest of appellant, was executed by the arresting of the appellant, and he was released upon posting a $5,000 appearance bond. On June 6, 1977, appellant appeared before the trial judge for arraignment; the trial court asked appellant if he had a lawyer, had he talked to one, and if he was able to employ one. The appellant answered all *388 three questions, “No, sir.” Upon being further questioned, the appellant stated that he was in business; that his last business was pretty good; that he and the bank owned a car; and that appellant did not know if he could or not borrow enough from the bank to hire a lawyer. Appellant asked the court if it was required that he have a lawyer. The court advised him that it was not required, but he would be better off if he had a lawyer. The appellant replied that he would be a lot better off if he wasn’t in Guntersville. The court then asked Hon. W. D. Wilkes, Jr., an attorney of the bar, to represent the appellant on arraignment. The court, with the appellant present with his attorney, inquired of appellant if he had received a copy of his printed explanation of some of his major rights, had he read them, did he understand them, and did he want the court to further explain them to him. Appellant stated he had received a printed statement of his rights, had read them, understood them, and did not want the court to further explain them to him.
The printed copy of the rights stated in substance the offense charged; the punishments; right to remain silent; rights to or not to testify, and the consequences thereof; right to attorney, and confidential relations of attorney and client; right to assistance of legal counsel, and duty of counsel to client; speedy trial by jury; presumption of innocence; burden of proof on state; right to have witnesses in his behalf; no evidence seized by unlawful search allowed; no involuntary confessions used; rights as to pleadings and consequences thereof. The statement is dated June 6, 1977, signed by appellant and further states that he can read, has read, and understands the above rights; that his attorney has gone over them with appellant. The statement is also signed by his attorney who states he has gone over appellant’s rights with him and explained them to him in detail. Whereupon the court proceeded to duly arraign the appellant. The appellant entered a plea of not guilty. The court set the case for trial on August 29, 1977, at 9:00 A.M., and advised the appellant to be present with his lawyer at that time; that the court thought he was able to employ his own counsel.
On June 13, 1977, appellant withdrew $6,500 in cash from his checking account in the First National Bank of Guntersville and did not use it in his business or to support his family, but blew it.
On August 29, 1977, the appellant’s case was called for trial. At this time the appellant appeared and advised the court that he did not have an attorney to represent him and asked that one be appointed. Appellant took the position that he had no money to hire a lawyer. The court, after some discussion with the appellant, advised him that he should have a lawyer and gave him an opportunity to get one. Appellant took the position that he did not have any money to pay a lawyer, therefore, there was no use to talk to one. The trial court then set a hearing for August 31, 1977, for the purpose of determining whether the appellant was entitled to a court appointed counsel to assist him at his trial at the expense of the public.
On August 31, 1977, the appellant was sworn as a witness and stated that he wanted a lawyer; that he had no property, did not think he could borrow any money; that he owed the bank but did not know how much; that he owned only the clothes on his back. On cross-examination the appellant testified that he had a bank account in The First National Bank of Guntersville; that on June 13, 1977, he wrote a check to cash for $5,700, cashed it, and blew it having a good time; that on June 13, 1977, he wrote a check to cash for $800, cashed it, and lost it in a crap game in Las Vegas; that on July 27, 1977, he gave his son a check for $300 which they spent; that on August 10,1977, he cashed a check for $300, and he imagined he lost it in a crap game.
The state offered evidence by an employee of the First National Bank of Gunters-ville. The evidence consisted of transactions of the appellant with the bank over a period of time from September 17,1976, up to August 31, 1977; appellant was or had been engaged in the capacity of a second *389 hand automobile dealer. Testimony showed that appellant’s dealings at the bank were all current up to August 20, 1977. Appellant was indebted to the bank in the sum of approximately $5,000, and he was current with the bank except for one note due in August. The witness did not think the bank would lend him money at this time under the circumstances.
At the conclusion of the hearing, the court ascertained that the appellant was able financially, or otherwise, to obtain the assistance of counsel, and advised the appellant if he wanted to, he could use the judge’s telephone to contact an attorney. The appellant replied that, “I don’t want to call nobody.” Whereupon the court proceeded to the courtroom, and the appellant was tried before a jury without the assistance of counsel, except for the striking of the jury. On September 1, 1977, the jury returned a verdict of guilty as charged, the court duly sentenced the appellant, and advised him of his right to appeal. Appellant gave notice of appeal. The court set the appeal bond at $5,000. The appellant was prepared and immediately posted a $5,000 appeal bond; it was approved by the clerk of the court, and he was released pending the appeal. Whereupon the appellant asked that an attorney and transcript for the appeal be furnished him at public expense. This motion was set for hearing on September 9, 1977, at 11:00 A.M. and continued from time to time until September 26,1977, when the trial court, after a hearing, appointed counsel to represent the appellant and assist him with his appeal and ordered that he be furnished with a free transcript.
On September 28, 1977, the appellant filed a motion for a new trial.
Under the procedure provided by our legislature for appointment of counsel to represent a defendant in the trial court at the expense of the public, there are three duties imposed on a trial judge: first, to ascertain whether or not the defendant has arranged to be represented by counsel; second, whether or not the' defendant desires the assistance of counsel; and third, whether or not the defendant is able financially or otherwise to obtain the assistance of counsel. Code of Alabama, 1975, Section 15-12-20(1), (2), and (8).
It is undisputed that the court ascertained appellant had not arranged to be represented by counsel, and appellant desired the assistance of counsel. Appellant stated to the court that he had not talked to any counsel about representing him in this case.
The trial court made a thorough and wide-range examination of the appellant’s financial condition and ascertained that the appellant is able financially or otherwise to obtain assistance of counsel. The court’s finding is fully supported by the evidence in this record. It is not required that a defendant be furnished counsel at the expense of the public when he has the ability financially or otherwise to obtain counsel. Locke v. State, Ala.Cr.App., 333 So.2d 217; Minniefield v. State, 47 Ala.App. 699, 260 So.2d 607; Boswell v. State, 50 Ala.App. 718, 282 So.2d 337.
Before the trial court is authorized to appoint an attorney at public expense to provide assistance to a defendant at his trial, the court must ascertain that the defendant is not able financially or otherwise to obtain assistance of counsel. In this case the court did not so find.
We hold that the court did not err in its finding that the appellant was not an indigent defendant as defined in the Code of Alabama, 1975, Section 15-12-1(1) and in denying appellant’s request for court appointed counsel. Code of Alabama, 1975, Section 15-12-21(a).
On November 30, 1977, appellant filed a brief and argument. On December 28, 1977, appellee filed a brief and argument, and this case was submitted to this Court. On January 4, 1978, the appellant filed a brief in reply. On January 6, 1978, appellee filed a brief in reply. On January 12, 1978, appellant filed a motion to strike appellee’s brief in reply on the grounds that there was no compliance with Rule 31 of Appellate Procedure.
*390 Rule 2(b) of Appellate Procedure provides that this Court may, on its own motion, suspend the requirements or provisions of any of these rules in a particular case; except the rule 4(a)(1) which provides for the time of taking an appeal.
In the case of State v. Jacks, 272 Ala. 107, 128 So.2d 734, the Supreme Court of Alabama, speaking of a brief, said:
“But if we receive it before the case is decided, we consider it in the effort to get all the help possible in deciding the issues correctly.”
Appellant’s motion to strike appellee’s reply brief and argument is overruled. Rule 2(b) of Appellate Procedure; State v. Jacks, supra.
It is not necessary to state the evidence of the state in support of the charge contained in the indictment, other than to make the observation that the evidence given by two of state’s witnesses who were accomplices of the appellant in the commission of the crime was fully corroborated and sufficient to make the guilt or innocence of the appellant a question of fact to be decided by the jury.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.