The defendant was indicted and convicted for theft in the first degree. She was sentenced as an habitual offender to twenty-five years' imprisonment.
 I
The State presented sufficient evidence to support the jury's verdict.
On the evening of October 15, 1981, a security officer for Parisian's observed the defendant and her companion, Francis McGhee, remove dresses from a rack and place them underneath their clothing. This officer observed the two women leave the store without paying and place the clothing in a red Ford parked near the door of the store. The security officer watched as the defendant and her companion repeated this performance and then, accompanied by two Montgomery police officers, she arrested the defendant, McGhee and Carolyn Jones, the driver of the red Ford. In and under this Ford were found items bearing Parisian tags. The aggregate value of all the merchandise was approximately $3100. No sales receipts were found.
The defendant argues that since no witness "could testify as to the number of items (except two sheets) taken by defendant on that occasion, . . . the jury had insufficient evidence by which to establish the aggregate value of $1,000 as needed for a First Degree Theft conviction." This argument ignores the principle of aiding and abetting as a basis for criminal culpability. Alabama Code Section 13A-2-23 (2) (1975). The "key elements of accomplice liability are encouragement or presence `with a view to render aid should it become necessary.'" Exparte Ritter, 375 So.2d 270, 274 (Ala. 1979). Whenever "two or more persons join in an unlawful enterprise each is responsible for everything which may consequently and proximately flow from the unlawful purpose, whether committed by the accused or not. . . . All persons concerned in the commission of a felony . . . are equally guilty." Conley v. State, 354 So.2d 1172
(Ala.Cr.App. 1977). In this case, the defendant's participation in the theft of some of the items renders her guilty for the theft of all the merchandise. Curtis v. State, 44 Ala. App. 63,65, 202 So.2d 170 (1967); Lane v. State, 14 Ala. App. 40, 43,70 So. 982 (1916).
 II
The defendant's argument that there was "insufficient evidence for the jury to conclude that there was theft of property valued in excess of $1,000 during the time defendant acted in complicity with her co-defendants" is not supported by the facts.
The elements of theft may be proven by circumstantial evidence. Howard v. State, 371 So.2d 475 (Ala.Cr.App. 1979). A security officer observed the defendant and another remove merchandise from Parisian's and place it in a red Ford. Immediately after that, the officer observed the two women take other items from the store and attempt to place them in the Ford. Approximately $3100 worth of merchandise from Parisian's was found in and under the Ford. These facts alone provided sufficient circumstantial evidence to justify the jury's verdict. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).
 III
At the close of the State's case, defense counsel requested a recess in order to discuss with the defendant whether or not she should testify. Counsel stated, "for the record, I haven't had an opportunity to talk to my client and I didn't expect the State's case to end as quickly as it did this morning." On appeal, it is argued that the "short recess was necessitated when defense counsel was surprised by the brevity of the State's case and its failure to call a certain co-defendant as a witness." The trial court denied the request, noting that *Page 520 
the case had been continued a number of times and finding that "(t)here has been ample time in this case for counsel to advise his client."
This was a short trial which lasted less than one day and in which the State presented only two witnesses. The facts were not complicated. In his defense, the defendant recalled one of the State's witnesses. After the continuance was denied, the defendant did not testify and rested her case.
The granting of a recess during the trial of a criminal case is discretionary with the trial court, Woods v. State,387 So.2d 313 (Ala.Cr.App. 1980), and that discretion extends to the determination of whether to suspend the trial in order to allow defense counsel to confer with the defendant. See Gallmanv. State, 29 Ala. App. 264, 266, 195 So. 768 (1940); Sapp v.State, 2 Ala. App. 190, 195, 56 So. 45 (1911) (to allow defense counsel to interview a witness); Bolding v. State,342 So.2d 1372, 1375 (Ala.Cr.App. 1977) (allowing ten minutes recess to permit counsel to confer with defendant). See also State v.Cook, 637 S.W.2d 110 (Mo.App. 1982), where the court found no abuse of discretion in the trial court's action in denying a recess to allow counsel to discuss with the defendant whether the defendant should testify where a recess had been held only forty-five minutes earlier. We find no clear abuse of that discretion. While a trial court abuses its discretion to the extent it interferes with an accused's right to a fair and impartial trial, it is proper to refuse an adjournment where it appears that the defendant has not exercised proper diligence or has already had ample time. 23 C.J.S. Criminal Law, Section 985 (1961).
 IV
The defendant's contention that during closing argument the prosecutor repeatedly referred to and displayed to the jury a photograph which had not been admitted into evidence is not supported by the record. This issue was not preserved for review. There was no objection during closing argument. Only after the jury had been charged and retired to deliberate did defense counsel raise this issue by requesting a mistrial. This was too late. Baldwin v. State, 380 So.2d 388 (Ala.Cr.App. 1980). The photograph was merely a picture of all the stolen merchandise. Even if improperly exhibited before the jury, we fail to see that this action warranted so drastic a measure as a mistrial.
 V
At the sentencing hearing, the State proved that the defendant, Ella Tolbert and Mae Houston were the same person through both photographs and fingerprints. Certified copies of the defendant's two prior convictions under the names of Tolbert and Houston were admitted into evidence and the defendant was sentenced as an habitual offender. Either photographs or fingerprints may be used to identify an accused as the same person previously convicted of a crime. Annot. 11 A.L.R.2d 870 (1950).
Additional arguments raised by the defendant are either without merit or were not properly preserved for review. Our consideration of all the issues convinces us that the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All Judges concur.