PER CURIAM.
On March 10, 1959, information was filed in the Criminal Court of Record of Broward County charging Joe Willie Perkins with the crime of breaking and en *249 tering with intent to commit a felony, to wit: grand larceny.
On March 13, 1959, defendant was present in open court with his attorney and entered a plea of guilty to said charge. The matter was referred for pre-sentence investigation, and on April 17, 1959, the defendant was sentenced to serve five years in the State Prison.
The defendant filed a sworn request that the judgment of conviction be set aside upon the ground, among others, that he was not represented at the pronouncement of sentence by counsel, and that he was insolvent and unable to provide counsel.
This court has held that due process of law requires that an insolvent defendant in a felony case be represented by counsel at the time sentence is imposed upon him. Evans v. State, Fla.App.1964, 163 So.2d 520.
 The record on appeal establishes the fact that the defendant was not represented at the time sentence was imposed, and the order of the court denying relief as prayed for recites the same to be true. The record does not disclose whether the court advised the defendant of his right to court-appointed counsel at this critical stage in the proceedings, or whether the court offered to appoint counsel. There is nothing in the record to conclusively show that the defendant was aware of his right to counsel at this point. Thus, the record does not disclose a competent and intelligent waiver of such a right. This court has said in the case of King v. State, Fla.App.1963, 157 So.2d 440, “presuming waiver from a silent record is impermissible.”
 For the foregoing reasons the order of the court below denying the appellant’s motion without hearing must be reversed. Of course, the fact that the appellant was not represented by counsel at the time he was sentenced in this case will not vitiate the judgment entered therein. Evans v. State, supra. As we have pointed out, he was represented by counsel when he pleaded guilty and was adjudged guilty.
In subsequent proceedings on the motion, the court should determine if, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the defendant’s claim. Any doubt in this regard should be resolved in favor of affording counsel to the defendant. Beadles v. State, Fla.App.1964, 162 So.2d 4.
Reversed and remanded for further proceedings consistent herewith.
ALLEN, Acting C. J., and WHITE and ANDREWS, JT., concur.