HOBSON, Judge.
The appellant was charged by informa-tions filed by the State Attorney of the Tenth Judicial Circuit in the Circuit Court, Highlands County, Florida, with the following offenses: (1) breaking and entering with intent to commit a misdemeanor; (2) breaking and entering with intent to commit a felony; (3) assault with intent to commit murder.
*102 The Circuit Court Minute Book reveals that at arraignment the following took place:
“Defendant, George Fulmore, was present in court. Defendant stated his age to be 24 years, birthdate July 26, 1941.
Defendant, George Fulmore, was sworn by Court and testified. Court explained to the defendant his rights as to having counsel represent him. Defendant, George Fulmore, intelligently and knowingly waives appointment of counsel to represent him. It appeared to the Court that the Defendant was an intelligent man and was capable of making an intelligent waiver of counsel to represent him.”
Immediately thereafter the record shows that appellant plead guilty to the above described offenses, was adjudged guilty by the court and a presentence investigation ordered. On July 13, 1965, the appellant was sentenced to serve a total of fifteen years in the State Prison.
Subsequently appellant filed his motion in the trial court to vacate and set aside the judgment and sentence which has been treated as a Criminal Rule One proceeding. Appellant’s motion was denied without a hearing and appellant thereby brings this appeal.
Appellant contends that the court erred in failing to properly advise him as to his right to have counsel at the time of sentencing.
Due process of law requires that an insolvent defendant in a felony case either be represented by counsel or intelligently and knowingly waive such representation at the time sentence is imposed upon him. See Evans v. State, Fla.App.1964, 163 So.2d 520, and Perkins v. State, Fla.App. 1964, 165 So.2d 248.
In the case at bar the record merely shows, as to the time of sentencing from the Clerk’s Minute Book entry, that appellant had previously waived appointment of counsel and had previously plead guilty. The record does not disclose whether the court advised the appellant of his right to court-appointed counsel at this critical stage in the proceedings, or whether the court offered to appoint counsel. There is nothing in the record to conclusively show that the appellant was aware of his right to counsel at this point. Thus, the record does not disclose a competent and intelligent waiver of such a right.
As was stated in King v. State, Fla.App. 1963, 157 So.2d 440, at 444:
“The fact that the record is silent as to whether or not a defendant requested counsel, or whether or not a defendant was offered counsel, does not create a presumption that the defendant waived his constitutional right to counsel. ‘Presuming waiver from a silent record is impermissible.’ Carnley v. Cochran, supra, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 82 S.Ct. 884, 8 L.Ed.2d 70.”
For the reasons stated above the order of the court below denying the appellant’s motion without a hearing must be reversed. The record does show that the appellant knowingly and intelligently waived his right to be represented by counsel at his arraignment and plea of guilty; therefore, the judgment entered thereon is not invalidated. See Evans v. State, supra.
In subsequent proceedings on this motion the court should determine if under the circumstances the assistance of counsel is essential to a fair and thorough presentation of the appellant’s claim. Any doubt in this regard should be resolved in favor of affording counsel to the appellant. See Beadles v. State, Fla.App.1964, 162 So.2d 4.
Reversed and remanded for proceedings consistent with this opinion.
LILES, Acting C. J., and PIERCE, J., concur.