205 So.2d 250

**Thomas H. COWART**

v.

**STATE.**

**3 Div. 244.**

Court of Appeals of Alabama.

Nov. 28, 1967.

Thomas H. Cowart, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Cowart was convicted of grand larceny for taking a 1962 Pontiac automobile, the property of Kenneth Shover. The court below sentenced him to ten years in the penitentiary.

I.

Without in anywise accounting for the lack of Capt. Shover's testimony which the examining magistrate was required to have reduced to writing, the prosecution proved that he had been transferred to Ar-

kansas by the Air Force. Thereupon, over objection for lack of proper predicate, the State was allowed to prove ore tenus what Shover had testified to in Recorder's Court on preliminary hearing. Code 1940, T. 15, § 136.

This ruling by the court was erroneous. The written testimony before the committing magistrate is the best evidence. Kennedy v. State, 85 Ala. 326, 5 So. 300; Matthews v. State, 96 Ala. 62, 11 So. 203; Thompson v. State, 106 Ala. 67, 17 So. 512. See also Blanks v. State, 30 Ala.App. 519, 8 So.2d 450.

## II.

■ Over defense objection, an inculpatory statement of Cowart came into evidence without the State first proving that it was voluntary. Cowart had been found trying to sell the stolen car at an auction in Midfield, Alabama. Defense counsel objected (R. 42) to the testimony of R. J. Fox, a police lieutenant, because of a lack of a predicate.

Fox testified that though Cowart had not been arrested, nevertheless he had accused Cowart of the theft and considered the latter as a suspect. Investigator Posey testified that Cowart was not under arrest, "just being detained." (R. 48.)

No evidence was adduced as to the precise place of this questioning other than a reference to "the Midfield auction * * * a place where 'they' trade and sell cars." Cowart told Fox that he owned the car and had a bill of sale for it. Under the tendencies of the State's case, this was palpably false.

It is abundantly clear that, unlike the setting in Ison v. State, 281 Ala. 189, 200 So.2d 511, other persons were present when Fox interrogated Cowart.

Under Baker v. State, 35 Ala.App. 596, 51 So.2d 376, the State should have laid the foundation for proof of voluntariness of the

statement as for a direct confession. See also Dudley v. State, 19 Ala.App. 519, 98 So. 492; James v. State, 24 Ala.App. 322, 135 So. 405. This ruling below was error. Wilson v. State, 84 Ala. 426, 4 So. 383.

## III.

■ Over objection, two admitted accomplices of Cowart's were permitted to testify as to other thefts on other occasions.

Defense counsel interposed only a general objection. Under Whitehead v. State, 16 Ala.App. 427, 78 So. 467, it is possible to allow such testimony to show a car theft ring as part of defendant's profit-making endeavor in "collecting and dealing in stolen automobiles." Hence, without assignment of grounds to object, there was no error.

Therefore, in this context, we do not consider the rule discussed in Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 854, applies. See McElroy, Evidence (2d Ed.), §§ 69.01–70.25, particularly § 70.19, Larceny.

## IV.

The appellant's counsel filed no brief. Under Code 1940, T. 15, § 389, a brief is not mandatory in a criminal appeal.

Cowart, pro se, has filed a brief claiming error in being arraigned on the same day of his being put to a jury.

Grand larceny is no longer a capital offense. There is no statute specifying any time between arraignment and trial except Code 1940, T. 30, § 69, which expressly confines itself to capital cases.

The setting of noncapital cases is regulated by T. 15, §§ 316 and 317, which read:

"§ 316. It is the duty of the clerk of the circuit court to set for trial all criminal cases in his court, except capital cases, and cases of parties in custody, for particular days; and no case so set shall be called for trial before such day.

"§ 317. No person shall be tried on an indictment presented by the grand jury un-

til at least one entire day after the case has been placed upon the trial docket of the court, except with the consent of the defendant; but this section shall not apply to cases where an indictment has been quashed or demurrer sustained thereto and a new indictment for identical offense is returned on the same day."

In this record the clerk filed the indictment on February 18, 1966, and arraignment came on March 2. No entry shows when the case was put on the trial docket of the circuit court.

■ No motion for continuance was interposed. There is no error in this aspect, particularly without a ruling by the circuit court. See Haun v. State, 44 Ala.App. 585, 217 So.2d 249.

## V.

Immediately after the entry which showed that appellant was adjudged guilty (agreeably with the verdict) and remanded to jail "to await the sentence of the law," the record contains another minute entry.

■ This undated entry fails to show that at the time of allocutus and sentencing Cowart was attended by counsel. This is a point which our Supreme Court has advised that careful practice adjures that such assistance or proper waiver thereof should affirmatively appear. Sentencing is a critical time; e. g., it is then that the need arises to give timely notice of appeal so as to have sentence suspended under Code 1940, T. 15, § 368(a). Ex parte Downer, 44 Ala.App. 77, 203 So.2d 132; Patterson v. State, 43 Ala.App. 190, 185 So.2d 527.

If Cowart was not so represented and had not intelligently and knowingly waived his right to counsel at the time of imposition of sentence, then we might conceivably have been compelled to remand for proper sentence. Berry v. New York, 375 U.S. 160, 84 S.Ct. 274, 11 L.Ed.2d 261; Fulmore v. State, Fla.App., 198 So.2d 101. See Shellnut v. State, 280 Ala. 28, 189 So.2d 590; Martin v. United States, 5 Cir., 182 F.2d 225, annotated 20 A.L.R.2d 1236, 1240, and the later case service 1967 pocket part.

State v. Strickland, 27 Wis.2d 623, 135 N.W.2d 295, contains a careful analysis of the question as to how far Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, extend the area of criticalness. See also Smith v. State, 33 Wis.2d 695, 148 N.W.2d 39.

## VI.

■ One ground for Cowart's motion for new trial was that he was tried in convict's costume. No objection before trial appears of record; nor was any evidence adduced to support this ground of the motion for new trial. Thus, no question on it is before us.

For the errors under I and II above, the judgment below is reversed and the cause remanded for further proceedings in accordance herewith.

Reversed and remanded.

JOHNSON, J., concurs in result.