238 So.2d 914

**Emory O'Neal BERTRAND**

v.

**STATE.**

**3 Div. 17.**

Court of Criminal Appeals of Alabama.

Aug. 25, 1970.

Everette A. Price, Jr., Brewton, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

Assault with intent to commit the crime against nature, in this case fellatio; sentence, 20 years. Code 1940, T. 14, § 38.

The State's proof, if believed to the required degree, was sufficient to support the verdict. The defendant's claim was alibi and insanity. He was his only witness.

## I

The only point raised by brief on appeal which we deem substantial is that the trial judge abused his judicial discretion in denying Bertrand a continuance because Bertrand's mother had shortly before the trial hired a lawyer in addition to those theretofore appointed by the court.

The defendant was arrested in Mobile February 1, 1969. The indictment was returned on the 18th day of February, 1969, and the defendant committed on the indictment the same day.

A minute entry of February 21, designated "Pre-Arraignment," shows an enquiry by the trial judge as to whether or not the defendant wished appointed counsel and that Bertrand did so wish. The court then appointed counsel to represent him. Later that same day the defendant was formally arraigned. The trial took place March 12, 1969.

In this posture we do not consider that the trial judge abused his discretion in not delaying the case so that the Mobile counsel whom Bertrand's mother had apparently hired could appear.

Concededly a lawyer cannot ethically enter a case until he has been retained. The fact that he is being sought when other lawyers are already in the case is for him to weigh as to whether he will have time to take over where they leave off. Moreover, he should normally presume that the other lawyers have done some spade work on this case and that he will not be plowing all new ground.

Thus ordinarily counsel who supplants or supplements other counsel, who have already had ample time to get ready for trial, should not expect or ask for a continuance.

In Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875, we said:

"* * * The fact that counsel came into the case at a late date, of course, is something over which they had no control; but Fiorella did. A probationer arrested on a gambling raid on the 16th of March, who is picked up on a probation revocation warrant on April 8, has, in the absence of some clear and convincing excuse, had adequate time to prepare himself for a hearing held April 16."

Bertrand, age 33, was living with his mother in Mobile. Here Bertrand's mother can reasonably be presumed to know of his arrest February 1, 1969. For aught that appears she did not finally employ an attorney until about March 11.

## II

A pre-trial insanity reference to the State hospital is discretionary with the trial judge. Pace v. State, 284 Ala. 585, 226 So.2d 645; Brown v. State, 45 Ala. App. 391, 231 So.2d 167.

We have examined the entire record in accordance with the requisites of Code 1940, T. 15, § 389 and consider that the judgment of conviction is due to be

Affirmed.