266 So.2d 340

**Jerry BAKER, alias**

v.

**STATE.**

**6 Div. 201.**

Court of Criminal Appeals of Alabama.

May 23, 1972.

Rehearing Denied Aug. 1, 1972.

Parker, Wilkinson & Gwin, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant appeals from a conviction of grand larceny with sentence fixed at 4 years imprisonment in the penitentiary.

The indictment upon which he was convicted also charged the offense of receiving, concealing, etc., stolen property, the same as described in the larceny count. The verdict of guilty of grand larceny has the effect of acquittal of the charge of receiving and concealing stolen property as charged in the second count. Coates v. State, 36 Ala.App. 371, 56 So.2d 383.

The appellant made a motion to exclude the evidence offered by the state, which was overruled by the court. In view of this fact, it is appropriate to set out a brief statement of the facts as shown by the evidence for the state. The statement as set out in the appellant's brief is fair and accurate and is hereby adopted by the court:

"The state's evidence tended to show that on the night of April 14, 1969, the owner of a 1962 Chevrolet, Mr. Bryce W. Sides, parked his car at the Allstate Cafe on Highway 75 West and that upon returning to the parking lot some 45 minutes later that his automobile was missing. The witness, Mr. Sides, was called to Kemp's garage the following day where he identified his automobile and listed the damage as follows: Left vent window was broken out; tail lights were broken; some body damage and dents and the ignition wires had been pulled out so that the ignition could be jumped. The state's next witness, Mr. George Nelson, testified that on the night of April 14, 1969, he parked at the Allstate Cafe while waiting for his wife to get off work from there and that while waiting that the appellant, Jerry Neal Baker, came up to the car next to his, got in the car and in a few minutes got out of the car and disappeared. A short time later the appellant reappeared with a woman and requested his aid in pushing the car. Mr. Nelson obliged and helped push the car identified by the witness as a 1962 light blue Chevrolet. The state's next witness, Deputy Sheriff, W. J. Underwood, testified that he was on duty the night of April 14, 1969, and that he received a stolen car report on a 1962 light blue Chevrolet while on duty. That later that night he discovered a car of the same description off the road in a ditch about one and one-half miles from the Allstate Cafe. The reported damage included a broken left vent window, broken tail light and some body dents. Next, Detective R. L. Graham's testimony tended to show that after talking with Mr. Sides and Mr. Nelson, he obtained a warrant for the arrest of Jerry Neal Baker for the crime of grand larceny of an automobile."

We hold there was no error in the court's action in overruling the motion of appellant to exclude the state's evidence as set out briefly above.

Upon examination of the jurors, the appellant challenged two of the jurors on the panel as being prejudiced against him. We have carefully reviewed the record and cannot see that the court was in error in overruling the appellant's efforts to have the jurors stricken from the panel. The record indicates that the jurors were carefully examined by appellant and the prosecutor and were neither biased

nor prejudiced and therefore should not have been stricken from the panel. Wallis v. State, 38 Ala.App. 359, 84 So. 788, Title 30, § 52, Code 1940, Recompiled 1958.

The appellant, before the introduction of any evidence, excepted to the court rule prohibiting him from making an opening argument on the facts expected to be proved in his behalf. The court overruled this objection and one of the grounds of the motion for a new trial takes this point.

There is nothing in the record indicating the rule, but the record further shows that immediately thereafter, the district attorney made his opening statement to the jury, followed by the statement of counsel for the appellant.

■ The purpose of an opening statement is merely to advise the jury with regard to the issues of fact involved in the case. Wilkey v. State ex rel. Smith, 238 Ala. 595, 192 So. 588. And the scope and extent of the statement is a matter that rests within the sound discretion of the trial judge. Hooks v. State, 45 Ala.App. 221, 228 So.2d 833. His ruling will not be overturned unless an abuse of discretion appears. We find no such abuse of discretion by the trial court in the case at bar.

In brief the appellant stresses the fact that he was put to trial on the same day he was arraigned, October 6, 1970, over his objection stated as follows by his counsel in open court:

"If the Court please, at this time, the defendant objects and excepts to going to trial unless and until 24 hours or one day has elapsed from the time of his arraignment until being put in jeopardy before the jury."

The cases cited in support of his argument are not apt to the issues involved in the case at bar, except the case of Cowart v. State, 44 Ala.App. 201, 205 So.2d 250. This court, in *Cowart,* supra, in answer to a similar objection, said this:

"Cowart, Pro se, has filed a brief claiming error in being arraigned on the same day of his being put to a jury. Grand larceny is no longer a capital offense. There is no statute specifying any time between arraignment and trial except Code 1940, T. 30, § 69, which expressly confines itself to capital cases.

"The setting of noncapital cases is regulated by T. 15, §§ 316 and 317, which read:

"§ 316. It is the duty of the clerk of the circuit court to set for trial all criminal cases in his court, except capital cases, and cases of parties in custody, for particular days; and no case so set shall be called for trial before such day.

"§ 317. No person shall be tried on an indictment presented by the grand jury until at least one entire day after the case had been placed upon the trial docket of the court, except with the consent of the defendant; but this section shall not apply to cases where an indictment has been quashed or demurrer sustained thereto and a new indictment for identical offense is returned on the same day."

■ Insofar as this court is advised, there is no Statute requiring that at least one full day elapse between the arraignment of the defendant and the trial in a non-capital case. As seen above, it is required that the case be set on the docket for one day before a trial can be had, except with the consent of the defendant.

■ However, the minute entry in the case at bar shows that on the 25th day of November, 1969, the appellant, in open court and represented by attorney, was duly arraigned upon the indictment and the case set for trial on December 16, 1969, and passed to October 5, 1970. Appellant was then represented by court appointed counsel, Honorable John S. Walker. The record further shows that on the 5th of

October, 1970, the court appointed counsel was relieved of his duties and the defendant employed Honorable Arthur Parker, an attorney, to represent him; and on the 6th of October, 1970, the appellant was again arraigned in open court in the presence of his attorney, and, as set out above, over the objection of the appellant, the case proceeded to trial on that date.

It is apparent that the record does not bear out the contention of the appellant that he was required to go to trial on the day he was arraigned. In our opinion the second arraignment was unnecessary but did not constitute error.

What we have said above disposes of argument made by the appellant on this appeal, and in addition thereto, his objection to the proceedings during the trial mentioned above. His motion for a new trial was properly overruled.

After a thorough search of the record, we find no error to reverse and the case is due to be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON, TYSON and HARRIS, JJ., concur.

## ON REHEARING

PER CURIAM:

Appellant's counsel in his brief on rehearing contends:

"This Honorable Court * * * affirmed the conviction of the Circuit Court of Jefferson County, Alabama. The Court's opinion indicated that the arraignment on October 6, 1970, in the presence of the defendant's retained counsel of exactly one day was unnecessary. Your petitioner takes strong issue * * *. The defendant had been represented by court-appointed counsel until October 5, 1970, at which time Arthur Parker, an attorney, informed the Court that he had been retained to represent the defendant. The very next day after being arraigned in the presence of his retained counsel, the defendant was put to trial over timely and proper objection * * *. Your petitioner submits * * * that the trial court judge abused his discretion * * *."

In Bertrand v. State, 46 Ala.App. 117, 238 So.2d 914, we noted that a lawyer entering a case in which the court has already appointed counsel must normally presume that the ground work will have been laid by the other lawyers, and thus,

"Ordinarily counsel who supplants or supplements other counsel, who have already had ample time to get ready for trial, should not expect or ask for a continuance."

Inasmuch as Mr. Parker accepted the employment we can only presume that he made a diligent enquiry as to the docket status of the cause beforehand.

Were we to concede to appellate counsel's argument virtually no criminal cases would be tried—at least where the defendant could send to the "bull pen" for relief.

The application is due to be overruled.

Opinion extended; application for rehearing overruled.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.