BOWEN W. SIMMONS, Retired Circuit Judge.
The original deliverance is withdrawn, and this opinion is substituted therefor.
Appellant-defendant, an indigent appeals from a judgment pursuant to an indictment for forgery and a jury’s verdict convicting him therefor. The trial court imposed a sentence of ten years in the penitentiary. The indictment alleges that defendant forged or uttered the check with intent to defraud.
The State offered evidence that defendant committed the offense of forgery with intent to defraud as charged in the indictment. The alleged forged check was in the sum of $30.00, payable to McCoy’s Supermarket, whereat he obtained about $2.00 in cash and the rest in groceries.
Defendant testified and admitted signing the name appearing on the check without authority; that he presented it to McCoy’s Supermarket and obtained therefor some groceries and cash. He admitted signing a confession (exhibit 4 Tr. p. 48). All the allegations of the indictment were without dispute except the allegation that forging the check was done with intent to defraud. The only controverted issue was the allegation of intent to defraud. Defendant on direct and cross-examination, admitted passing “worthless” checks on several different prior occasions and having been convicted on some of them.
Defendant was at first denied the privilege of testifying in response to his counsel’s questions as follows:
“Q. All right. When you made out that check, did you make that check out with the intent to injure or defraud anyone?
“MR. MYERS: We object.
“A. No, sir.
“THE COURT: Sustained.
“MR. MYERS: Your Honor, I would—
“THE COURT: Well,—
“MR. LESTER: As to intent.
“THE COURT: Wait just a minute. Wait just a minute.
“Overrule, and the Court cites the case of Starr vs. Starr, S-t-a-r-r.
“Q. All right. I’m going to repeat the question: State whether or not when you *415 made out this check, did you make out that check with the intent to injure or defraud anyone?
“A. No, sir, I didn’t.”
After sustaining the State’s objection, the court changed its ruling, referring to “Starr v. Starr” and allowed defendant to answer.
Thereupon, defendant’s counsel propounded to the defendant-witness the following question:
“Q. What was your intent when you made out that check?
“MR. MYERS: We object.
“THE COURT: Sustained.”
The following colloquy occurred:
“THE COURT: Sustained.
“MR. MYERS: Move to exclude the answer.
“MR. LESTER: Your Honor,—
“THE COURT: He’s admitted he forged the check, Mr. Lester.
“MR. LESTER: He’s admitting that he signed the check, Your Honor.
“THE COURT: Admitting that he signed the check and that’s forgery.
“MR. LESTER: Your Honor, it’s my — if Your Honor will look at the indictment, the indictment says ‘with intent to injure or defraud’ in both situations.
“THE COURT: Well,—
“MR. MYERS: Your Honor, among—
“THE COURT: The Court has permitted you, and it is discretionary with this Court under the case of Starr vs. Starr, to permit you to ask him about his intent. The Court exercised its discretion and allowed you to ask that question.
“That’s as far as you can go. He said that he did not have the intent to defraud anyone.
“MR. LESTER: I respectfully reserve an exception.”
We think the court erred to the prejudice of defendant.
When the intent of the defendant in a criminal prosecution is a material issue, as here, he may state his mental operation, both as to what he intended or did not intend to do, so far as the same sheds light on the issue. The admissibility of such evidence is not addressed to the discretion of the court because of its relevancy to the issue.
Here the defendant should have been permitted not only to state that he did not sign or utter the check with intent to defraud but also why he signed or uttered it so far as the answer elucidates his intent as charged in the indictment. Starr v. Starr, 293 Ala. 204, 301 So.2d 78; Tolbert v. State, 294 Ala. 738, 321 So.2d 227; Grimes v. State, 56 Ala.App. 439, 322 So.2d 729, cert. den. 295 Ala. 403, 322 So.2d 733.
To illustrate, we relate an incident that happened many years ago in a southeast Alabama county, when and where the Populists, strong in number and ardent, were seeking to supplant the Democrats in office. A well-known attorney, with effective oratorical ability, was speaking in behalf of the Democrats. He decided to impress his audience by flapping his arms and crowing like a rooster; when in this posture, an ardent Populist fired his pistol at the speaker. He disclaimed any intention to kill and contended that he intended only to “wing” him.
Tolbert, supra, involved the giving of a check, with intent to defraud, in violation of the Worthless Check Act, Act No. 2479, Acts of 1971, Vol. V, p. 3958. The Supreme' Court in the last line of paragraph (7) observed: “. . . Thus a defendant is free to testify as to his intent and mental process to rebut any presumption arising from the prima facie section of the Worthless Check Act.” [Emphasis supplied.]
In Grimes, supra, appellant (Grimes) was indicted for assault with intent to murder his wife. We reversed because the trial court sustained the State’s objection to a question propounded to defendant: “Did you intend to murder her?” The Supreme Court denied certiorari.
We hold that the defendant in the instant case was free to testify as to his mental process that tended to rebut the allegation of intent to defraud charged in the indictment. He should not have been limited to a negative statement of his mental process.
*416 The trial judge in refusing to allow the appellant to explain his purpose in signing the check, engaged in the following exchange with defense counsel:
“THE COURT: He’s admitted he forged the check, Mr. Lester.
“MR. LESTER: He’s admitting that he signed the check, Your Honor.
“THE COURT: Admitting that he signed the check and that’s forgery.” [Emphasis supplied.]
This not only amounts to an adverse ruling to the appellant, but it is a pronouncement by the trial judge, in the presence of the jury, that the appellant is guilty of forgery. Such is an improper comment on the effect of the evidence of a highly prejudicial nature. This comment was prejudicial and error.
We also note that appellant’s counsel appointed to represent this appellant on this appeal, did not favor us with a brief. We searched the record as mandated by law and observed the errors, supra.
The judgment is reversed and the cause is remanded.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Retired Circuit Judge, serving as a judge of this Court, under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
. OPINION SUBSTITUTED.
APPLICATION OVERRULED.
, All the Judges concur.