SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent here and at nisi prius, was indicted and convicted for robbery of a night clerk, Clara Belle Archer, at the Redmont Hotel in Birmingham. The jury fixed his punishment at ten years in the penitentiary. Appropriate judgment followed. This appeal therefrom was duly taken.
I
Appellant asserts prejudicial error by the trial court in denying his counsel the opportunity, before evidence adduced, to tell the jury what evidence he expected to adduce, in view of an opening statement by the State’s attorney as to the State’s expected evidence.
It appears that the State’s attorney, Mr. Johnson, did make some kind of opening statement, but the extent of such statement does not appear in the record. The motion for a new trial that was overruled does not raise the point and no evidence was taken with respect thereto.
*533 The trial court did not permit defendant’s counsel to make an opening statement and stated as follows:
“I — Mr. Johnson kind of slipped something in on me. He knows that I don’t permit an attorney to say what they expect the evidence to show, and I was construing what he was saying as an enlargement on the reading of this indictment when he threw it in, saying that it happened at the Redmont Hotel, and I started to stop him, because I figured you were going to try to use it as an excuse to answer him and say ‘We expect the defendant’s evidence to show.’
“I am not going to permit that to be opened up. I have not ever, in I8V2 years, permitted either counsel for the State or defense to state to the jury what they expect the evidence to show.
“So, I am not going to let you do it, Mr.-."
Under the state of the record we find no abuse of discretion on the part of the court in declining to permit defendant’s counsel to pursue the matter.
This Court said in Baker v. State, 48 Ala.App. 535(4, 5), 266 So.2d 340, cert, den., 289 Ala. 739, 266 So.2d 344, as follows:
“The purpose of an opening statement is merely to advise the jury with regard to the issues of fact involved in the case. Wilkey v. State ex rel. Smith, 238 Ala. 595, 192 So. 588. And the scope and extent of the statement is a matter that rests within the sound discretion of the trial judge. Hooks v. State, 45 Ala.App. 221, 228 So.2d 833. His ruling will not be overturned unless an abuse of discretion appears. We find no such abuse of discretion by the trial court in the case at bar.”
See also, Holifield v. State, 42 Ala.App. 209, 159 So.2d 65, cert. den., 276 Ala. 705, 159 So.2d 70; Ala. Digest-Criminal Law, # 704.
II
Appellant next asserts that witness Bussey should not have been permitted to testify as to who was robbed inasmuch as he did not see the “incident,” which was the robbery.
It appears from the evidence that witness Bussey was in the lounge of the Redmont (where the robbery occurred) for several hours before the alleged robbery and for sometime thereafter. It also appears that during his presence there he had occasion to see the defendant at various times; in fact, he testified that this defendant invited the witness to play some pool, but he declined. The witness also identified the victim, Mrs. Archer. The witness did not actually see the robbery. However, he said he. saw defendant going toward the desk, but he lost sight of him. He further testified that he saw Mrs. Archer about three minutes after he saw defendant going toward the desk and disappear. But he said that Mrs. Archer did not make any complaint then, but he heard her say, “I have been robbed, I have been robbed”; that she appeared to be upset. He also saw the police there in about five minutes. This witness identified defendant as the one he saw in the lobby and as the one who went toward the desk.
We think that in view of all the circumstances that there was no error in permitting Mrs. Bussey to testify that Mrs. Archer “was the woman involved in the incident.”
Ill
Defendant next complains that the court erred to reverse in permitting witness Earl Walton to state that the reason he didn’t make any identification of defendant in a “lineup” was because “* * * I didn’t want to get involved.”
The questions and answers were:
“Q. Okay. Did you make any identification after the lineup?
A. No.
Q. Why didn’t you make any identification in the lineup?
MR. SMITH: Objection.
THE COURT: Over rule (sic).
You may answer.
A. Because I didn’t want to be involved.”
*534 This case was tried in October, 1975, at which time Starr v. Starr, 293 Ala. 204, 301 So.2d 78, was in effect. Also, see Armstead v. State, 57 Ala.App. 459, 329 So.2d 150, had been decided. Grimes v. State, 56 Ala.App. 439, 322 So.2d 729, cert. den., 295 Ala. 403, 322 So.2d 733.
We think this evidence was material and admissible. The trial court did not err in overruling the objection.
IV
The final contention of error is that the court erred in refusing to suppress the identification evidence of the victim, Mrs. Archer.
In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court said:
“* * * Instead, we hold that each case must be considered on its own facts, and that convictions based on eye witness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.”
We do not think the identification procedure was “so impermissibly suggestive” to require suppression.
It appears that appellant admitted checking into the Redmont Hotel the morning before the night in question under his own name. Mrs. Archer saw him before — in and “round” the hotel — but did not know his name. She also stated that she had seen him the night before when he registered in the hotel.
She also stated that she gave the police the name “Gary Cooper” and told them “that that was the man that was registered there the night before.” The police came back and brought a strip of pictures “that was all the same man, different views of the same man.” She said she had seen this man before. It was Gary Cooper whom she pointed out. She again identified Gary Cooper in a lineup. McGhee v. State, 48 Ala.App. 330, 264 So.2d 560.
We think the identification evidence taken on the motion to suppress was sufficient and ample. The court was justified in overruling the motion. The ruling was free of error. Clemons v. United States, 133 U.S. App.D.C. 27, 408 F.2d 1230, cert. den., 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567; State v. Matlack, 49 N.J. 491, 231 A.2d 369, cert. den., 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606. See also, Wilson v. State, 57 Ala.App. 125, 326 So.2d 316, cert. den., 295 Ala. 218, 326 So.2d 315.
The judgment is due to be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.