Willie Lee Ainsworth was convicted for theft in the first degree and sentenced to life imprisonment as a habitual felony offender.
 I
Ainsworth was charged with the theft of an automobile. The undisputed evidence shows that the victim permitted Ainsworth to drive her car. Later, when the victim refused Ainsworth's invitation of sexual conduct and repulsed his physical advances, he told her that she could either do what he wanted or get out of the car and walk. When the victim got out, Ainsworth told her that he would leave her car at a certain service station. The automobile was found five days later, abandoned on an entrance ramp to an interstate highway.
The trial judge properly refused Ainsworth's requested charge on the crime of the unauthorized use of a motor vehicle, Alabama Code 1975, § 13A-8-11, because that offense is not a lesser included offense of theft. Crowder v. State,476 So.2d 1241, 1243 (Ala.Cr.App. 1985).
It was also not an abuse of discretion for the trial judge to refuse to permit defense counsel to explain the offense of unauthorized use to the jury in his closing argument. At trial, after the State had rested its case, and "outside the presence of the jury," the trial judge informed defense counsel that he was not going to charge on unauthorized use as a lesser included offense. The following then occurred:
 "MR. STOKES [Defense Counsel]: And if not, when we get to the jury charge, I'll give you my reasons for taking the position that we should in this case, but if we don't have the charge, is there any objection to my explaining to the jury what unauthorized use is, not to ask them to return a verdict on unauthorized use, but so they will know that there is a crime of unauthorized use.
 "In other words, Willie Lee Ainsworth is in a position where he doesn't contest the unauthorized use of the vehicle, but he is being put in a position where the jury either has to put him on the ground or convict him of Theft of Property in the First Degree. And I want them to at least know that there is a charge that can be argued to describe his conduct other than Theft of Property in the First Degree and the State refuses to go on that theory.
 "THE COURT: Any authority that may have been granted to him was granted under duress of sex or not and I don't think that was a valid authorized use of the vehicle. . . .
 "MR. STOKES: Well, that virtually making a finding from the evidence, but I am saying looking at it from the Defendant's standpoint, you see the unauthorized use statute also has a provision. Unauthorized use can be a Class A misdemeanor or it can be a Class B felony if the unauthorized use comes about through use of force. It's in the statute. But at any rate, there is no point in trying to unravel all this at this stage, but I would like to know if I'm going to be prevented from explaining to the jury what the unauthorized use statute is?
 "THE COURT: Yes, I'm going to sustain the State's objection to any reference to it.
 "MR. STOKES: All right. Well, we would take an exception then to not being able to at least trying to show that Mr. Ainsworth admits to committing a crime, which he thinks is just a different one from what the State is charging him with."
Later, during defense counsel's closing argument, the following occurred: *Page 1267 
 "MR. STOKES: Now, there is another offense dealing with unauthorized use of property, which under the rulings of the Court, . . . . .
 "MRS. LOGGINS: Your Honor, the State would object to any discussion of another crime he is not being charged with. . . . .
"THE COURT: Yes, I sustain. . . .
 "MR. STOKES: And I haven't even finished my sentence. I said which under the rulings of the Court, we need not concern ourselves with. But I do want to make it clear for the record, that I do object to the jury held in the dark as to the fact that there are other charges that could have been brought in this case.
"THE COURT: I sustain the objection."
Our interpretation of the record on this issue is that defense counsel was prohibited from explaining the criminal statute defining the unauthorized use of a motor vehicle. We do not view the trial judge's rulings as preventing counsel from arguing that Ainsworth did not intend to permanently "deprive" the victim of her car. We find that the court's rulings did not prevent counsel from arguing that Ainsworth did not have the mental intent necessary to commit theft.
"[I]t is the right of counsel under the guidance of the court to discuss the rules of law applicable to different phases of testimony." Van Antwerp v. State, 358 So.2d 782, 788
(Ala.Cr.App.), cert. denied, Ex parte Van Antwerp,358 So.2d 791 (Ala. 1978). This right "must be harmonized with the principle that the trial judge instructs as to the law of the case." Van Antwerp, 358 So.2d at 788.
Defense counsel's proposed argument that Ainsworth was only guilty of the offense of the unauthorized use of a vehicle under Alabama Code 1975, § 13A-8-11, was incorrect because that was not the law of the case. Having been indicted for theft, Ainsworth, as a matter of law, could not be found guilty of unauthorized use.
 "It is improper, however, for counsel to argue immaterial question of law not within the issues, or, where the court determines the law, to argue against the rules laid down by the instructions; or to state to the jury a wrongful interpretation of the instructions of the court; or to state any law as applicable to the case, which is not embodied in the instructions of the court." 23A C.J.S. Criminal Law § 1110, at p. 219 (1961).
This is the general rule although "we [have] found no Alabama case specifically limiting counsel's arguments of the law to only those principles embraced and included in the instructions of the trial court or to the approved requested charges."Van Antwerp, 358 So.2d at 788.
Defense counsel's argument that the defendant was actually guilty of a crime which was not a lesser included offense of the crime charged and of which the accused could not have been convicted as a matter of law would have been confusing and misleading. The law of unauthorized use simply was not applicable to this case.
Here, the trial judge ruled that defense counsel could not explain a criminal statute to the jury. He did not prohibit counsel from having a "full opportunity" to argue that the accused did not have the intent to permanently deprive the victim of her property. Cf. United States v. Foshee,578 F.2d 629, 633 (5th Cir. 1978). We find no error in this regard.
 II
Ainsworth alleges that the trial judge also erred in finding that "any authority that may have been granted to him [to drive the car] was granted under duress of sex and I don't think that was a valid authorized use of the vehicle." He argues that this was a finding of fact invasive of the province of the jury and that it was error to hold that a taking under duress could not amount to a case of unauthorized use.
Even if the trial judge committed such error, his ruling was correct as shown by Issue I of this opinion. The crime of the unauthorized use of a motor vehicle was simply not relevant to this prosecution. *Page 1268 
"[I]f the court's ruling was correct for any reason, it will not be reversed because the court assigned the wrong reason therefor." Harnage v. State, 290 Ala. 142, 144,274 So.2d 352 (1972). "A correct ruling on evidence will be sustained, though placed on an incorrect ground." Nicholsv. State, 276 Ala. 209, 213, 160 So.2d 619 (1964).
 III
The trial judge sustained the prosecutor's objection to the statement defense counsel made in closing argument that "as you heard from the stand, this started out as a kidnapping situation."
The only evidence of this statement was Deputy Sheriff Wilber Mitchell's testimony that kidnapping was on the incident report as a "potential charge" and that he "thought" it was initially reported as a "kidnapping type incident." In sustaining the State's objection, the trial judge stated that he had "no recollection" that this started out as a kidnapping. Our review convinces us that the victim's testimony provides no inference that "this started out as a kidnapping situation."
The complete arguments of the parties were not transcribed. When the objection was sustained, defense counsel made no offer to show the trial judge the line of argument he was attempting to pursue. Because the record does not reveal the context in which the argument was made, it is difficult for this Court to attempt an informed review of the challenged ruling of the trial court. "The trial court knew all the side plays and surroundings not shown by the record." Davis v. State,233 Ala. 202, 203, 172 So. 344 (1936).
"In Alabama, liberal rules are allowed counsel in drawing inferences from the evidence in their arguments to the jury. . . . Counsel has a right to argue any reasonable inference from the evidence or lack of evidence, . . . and to draw conclusions from the evidence based on their own reasoning. . . . * * * So long as counsel does not travel out of his case and confines statements to reasonable inferences deducible from the evidence, he should not be controlled." Roberts v.State, 346 So.2d 473, 476-77 (Ala.Cr.App.), cert. denied,346 So.2d 478 (Ala. 1977).
 " '[I]n criminal prosecutions, upon all matters or questions of fact triable by jury, the accused or his counsel must be heard; and . . . the court, whatever may be the opinion it entertains of the clearness, weight, or conclusiveness of the evidence, cannot deny or withhold the right' (Crawford v. State, 112 Ala. 1, 22, 21 So. 214, 220); while a regulatory discretion in such matter is vested in the court, that discretion is not irrevisable; 'the discretion is not mere power to be exercised because it exists; nor is it to be exercised capriciously or arbitrarily, and, in its exercise, it should always be borne in mind, that it is a high constitutional right of the accused it is proposed to regulate' (idem); and 'trial courts would be treading on dangerous ground, were they to exercise a severe censorship over the line of argument counsel may pursue. They [trial courts] must not allow them [counsel] to constitute themselves unsworn witnesses, and to state, as facts, matters of which there is no testimony. But we [the appellate courts] have gone no further' (Hobbs v. State, 74 Ala. 39, 41)." Kabase v. State, 31 Ala. App. 77, 84, 12 So.2d 758, cert. denied, 244 Ala. 182, 12 So.2d 766 (1943).
However, in the absence of a showing to the contrary, the trial judge's actions are presumptively correct. Ballard v.State, 236 Ala. 541, 542, 184 So. 260 (1938). "It is well established that under Rule 45 an appellant must not only show error but must also demonstrate that such error was probably injurious." Kennedy v. State, 291 Ala. 62, 65,277 So.2d 878 (1973). As with cross examination, the latitude and extent of oral argument is a matter "in the sound discretion of the trial court, and in the absence of prejudicial abuse, it is not reviewable on appeal. . . . On appeal, the party claiming that a trial judge has abused his discretion in such aspect bears the burden of persuasion." Connell v. State,294 Ala. 477, 481, 318 So.2d 710 *Page 1269 
(1974); Baker v. State, 48 Ala. App. 535, 538,266 So.2d 340, cert. denied, 289 Ala. 739, 266 So.2d 344 (1972).
Under the particular circumstances of this case, we follow the holding of and principles stated in Garrett v.State, 268 Ala. 299, 303-04, 105 So.2d 541 (1958):
 "Counsel is allowed, within limits, to draw their own conclusions and to express their arguments in their own way, provided, of course, they do not travel out of the record or make use of unfair means to create prejudice in the minds of the jury. News Employees' Benevolent Society v. Agricola, 240 Ala. 668, 200 So. 748; Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403. But the presiding judge, as a rule, can best determine when discussion is legitimate and when it degenerates into abuse. Alabama Power Co. v. Goodwin, 210 Ala. 657, 99 So. 158. And each case must be determined on its own peculiar facts, leaving much discretion to the trial court. Phillips v. Ashworth, 220 Ala. 237, 124 So. 519. In the instance noted we are unwilling to pronounce prejudicial error in the stated ruling."
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.