We granted Defendant's request to review the holding of the Court of Criminal Appeals that the trial court properly refused to allow defense counsel to argue that his client was guilty of an offense other than the offense with which he was charged. We reverse and remand.
The facts are amply stated in the Court of Criminal Appeals' opinion (Ainsworth v. State, 501 So.2d 1265
(Ala.Cr.App. 1986)), and need not be detailed here. Suffice it to say that the Defendant was indicted for theft in the first degree; and, during defense counsel's summation to the jury, the trial court sustained the State's objection to defense counsel's argument to the effect that, although his client was guilty of a criminal offense, the evidence supported a reasonable inference that the only offense he had committed was the unauthorized use of a motor vehicle. The Court of Criminal Appeals rejected the defendant's claim of error, reasoning that he, "as a matter of law, could not be guilty of unauthorized use."
As a premise for its holding, the Court of Criminal Appeals stated two basic principles: 1) The offense of unauthorized use of a motor vehicle is not a lesser included offense of theft in the first degree; and 2) counsel's argument to the jury must be confined to the material issues as defined by the trial court's instructions to the jury.
Although, abstractly, the stated premise contains correct statements of law, the Court of Criminal Appeals erroneously applied the law to the facts of the instant case. Neither the doctrine of lesser included offenses, nor the rule that confines argument of counsel to the material issues, restricts the right of counsel to argue the reasonable inferences of the evidence. Not only did he have the right to argue that his client did not have the requisite intent to permanently deprive the victim of her property, but also the jury could have reasonably inferred from the evidence that the accused committed a crime for which he had not been charged.
Counsel in the trial of any lawsuit has the unbridled right (to be sure, the duty) to argue the reasonable inferences from the evidence most favorable to his client.[1] Indeed, the art of persuasion is the mainstay of the role of the advocate; and one of the most effective weapons in his arsenal is the technique commonly characterized as confession and avoidance. Here, defense counsel, under these facts, would have been remiss not to confess his client's criminal wrongdoing and then seek to avoid its consequences by contending that such conduct was compatible with a recognized offense different from the crime with which he was charged.
For the error in affirming the trial court's rejection of defense counsel's proffered argument to the jury, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
TORBERT, C.J., and MADDOX and STEAGALL, JJ., not sitting.
[1] Compare, however, Ex parte Washington, [MS. 85-882, November 7, 1986] (Ala. 1986) (reversing a conviction where the trial court permitted the prosecuting attorney to argue inferences from evidence not before the court).